UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

KEVIN WOOSLEY,                         )
                                       )
    Plaintiff,                     )  Civil Action No. 5:06-365-JMH
                                       )
v.                                     )
                                       )
CITY OF PARIS, *et al.*,               )  **MEMORANDUM OPINION AND ORDER**
                                       )
    Defendants.                    )

** ** ** ** ** ** ** ** ** **

Pending before the Court is Defendants City of Paris, Paris Police Department, Brian Cornett, and Michael Kendall's motion to dismiss and motion to stay [Record Nos. 9 & 10]. Plaintiff filed a response [Record No. 12], to which Defendants replied [Record No. 13]. Fully briefed, this matter is ripe for review.

In their motion to dismiss, Defendants argue that the Paris Police Department is not an entity that may be sued; therefore, it should be dismissed. Plaintiff concedes that point and does not object to the dismissal of the Paris Police Department.

The parties disagree, however, on Defendants' second argument in their motion to dismiss, that is, Defendants contend that Plaintiff's malicious prosecution claim should be dismissed because Plaintiff has failed to meet one of the elements necessary for that claim. Defendants argue that because Plaintiff's criminal charges in Bourbon County District Court are still pending, he cannot show that the proceedings have been terminated in his favor — an element of malicious prosecution. *Raine v. Drasin*, 621 S.W.2d 895, 899

(Ky. 1981); *see Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Plaintiff argues that his criminal charges will be terminated on April 25, 2007. The docket sheet includes the following handwritten note: "cont 6 mos for dismissal/ 4-25-07 no similar offenses and no contact with Mr. Diener." It appears that the Bourbon County District Court plans to dismiss the charges against Plaintiff on April 25, 2007, subject to his cooperation with certain conditions. The proceedings are therefore ongoing and have not yet been terminated in his favor. The Court will nonetheless hold this malicious prosecution claim in abeyance until Plaintiff's state court proceedings are finally terminated.

Finally, Defendants argue that the Court should abide by the *Younger* doctrine and stay the remaining counts in this case until Plaintiff's state court proceedings have been resolved. *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, abstention is proper where there is (1) an ongoing state proceeding (2) that involves an important state interest and (3) provides the plaintiff with an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Commonwealth brought criminal charges against Plaintiff, and the circumstances surrounding those charges form the basis for the claims in his instant complaint. His state court

proceedings involve the Commonwealth's interest in enforcing its laws. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Although Plaintiff has not done so, Plaintiff could raise his constitutional claims before the state court, and he has not shown that Kentucky law bars him from presenting those claims. *See Moore v. Sims*, 442 U.S. 415, 425-26 (1979). Therefore, at this time, the Court will abstain from deciding Plaintiff's claims, all of which concern his ongoing criminal prosecution in state court.

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) that Defendants' motion to dismiss [Record No. 9] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**;

(2) that Defendant Paris Police Department be, and the same hereby is, **DISMISSED**;

(3) that Defendants' motion to stay [Record No. 10] be, and the same hereby is, **GRANTED**;

(4) that the action is **STAYED** pending resolution of Plaintiff's criminal proceedings in state court; when Plaintiff's criminal proceedings have concluded, Plaintiff may move the Court to return this action to the active docket.

This the 13th day of February, 2007.



Signed By:

*Joseph M. Hood*

United States District Judge